IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

ESTATE OF BYRON CLAY HAMMICK,
JR., deceased, by LYNETTA JONES as
personal representative,

       Plaintiff,

  v.

CITY OF PORTLAND,

       Defendant.

Civil No. 04-271-HA

ORDER

HAGGERTY, Chief Judge:

      Plaintiff alleges in her First Claim for Relief that defendants the City of Portland (the City), Stephen Mosier, and Christopher Gilbert used unlawful force in the shooting death of

1 – ORDER

her son, Byron Clay Hammick.[1]  Her Second Claim for Relief alleges that the City failed to properly train and supervise its officers.  The City seeks to dismiss the complaint in its entirety because it does not state a claim upon which relief can be granted and because it is barred by the applicable statute of limitations; alternatively, defendant seeks to dismiss paragraphs 35(d), (e), and (f) of the Second Claim for Relief because they fail to state a claim upon which relief can be granted.  For the following reasons, defendant's motion is denied.

On February 22, 2002, Portland police officers shot and killed plaintiff's son.  That same day, plaintiff learned that her son had been killed.  In June 2002, plaintiff met with an attorney, at which time she contends she discovered her potential claims against the City.  Plaintiff filed the original complaint on February 24, 2004.  Defendant argues that plaintiff's claims are barred by the two-year statute of limitations, and, therefore, should be dismissed.

"Oregon's two-year statute of limitations for personal injury actions applies to actions under 42 U.S.C. § 1983."  *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002) (citing O.R.S. 12.110(1)); *see also generally, Wilson v. Garcia*, 471 U.S. 261 (1985) (Section 1983 claims are to be characterized as personal injury actions and such actions are governed by the forum state's statute of limitations for personal injury actions).  Here, plaintiff argues that the statue of limitations did not begin to run until she met with an attorney on June 3, 2002, and discovered the role the City played in her son's death and the potential causes of action she had.

---

[1] On April 22, 2005, plaintiff filed a Notice of Dismissal of defendants Stephen Mosier, Christopher Gilbert, and Mark Kroeker.

As noted in this court's previous order, "[p]rocedural matters concerning the applicable statue of limitations are governed by the law of the forum, and issues regarding the tolling of Oregon statute of limitations must be decided by a federal court as if it were an Oregon court." *See* Order dated January 14, 2005, at 3 (Jan. 14 Order) (citing *Bancorp Leasing and Fin. Corp. v. Agusta Aviation Corp.*, 813 F.2d 272, 274 (9th Cir. 1987)). Under Oregon law,

> [T]he statute of limitations begins to run when the plaintiff knows or in the exercise of reasonable care should have known facts which would make a reasonable person aware of a substantial possibility that each of the elements [of legally cognizable harm] (harm, causation, and tortious conduct) exists. . . . this is an objective test. In most cases, the inquiry will concern what a plaintiff should have known in the exercise of reasonable care. In such cases, the relevant inquiry is how a reasonable person of ordinary prudence would have acted in the same or similar situation. Relevant to this analysis will be a plaintiff's failure to make a further inquiry if a reasonable person would have done so. The discovery rule does not protect those who sleep on their rights, but only those who, in exercising the diligence expected of a reasonable person, are unaware that they have suffered a legally cognizable harm.

Jan. 14 Order, at 5 (quoting *Gaston v. Parsons*, 864 P.2d 1319, 1324 (Or. 1994) (citation omitted). There is no requirement that the plaintiff has actual knowledge that each element of an enforceable claim is present, and mere suspicion is insufficient to begin the statute of limitations to run. *Id.* at 1323-24.

Plaintiff argues that although she was aware on February 22, 2002, that Portland police officers had shot and killed her son, she did not know of the apparent wrongfulness of the killing until nearly three months later when she met with an attorney, and thus, her cause of action did not accrue until June 2002. Similar facts were present in *Stephens v. Bohlman*,

838 P.2d 600 (Or. 1992). In *Stephens*, the plaintiff was advised by doctors that her daughter had died of respiratory failure due to chicken pox. *Id.* at 601. Subsequently, the plaintiff learned that her daughter's death was actually caused by a breathing tube that had been misplaced into the daughter's esophagus. *Id.* at 602. The defendant argued that the plaintiff's cause of action accrued when the plaintiff received a copy of the preliminary autopsy report, which showed that the breathing tube had been misplaced and that, therefore, the plaintiff should have known of her claim when she received the report. *Id.* at 603. The court rejected this argument and found that there was a material question of fact whether the plaintiff should have discovered her cause of action based on the report. *Id.* at 604.

Here, plaintiff asserts that she relied on police and media reports provided to her that the shooting of her son was justified. It was not until she consulted with an attorney on June 3, 2002, that she became aware of the possibility of a cause of action. The court finds that it is not within the realm of unreasonableness to wait three months before meeting with an attorney after the death of a family member. Plaintiff may well have known of the harm and cause of her potential claim, but it was not until she met with a person skilled in law that she discovered the potential unlawful conduct. The court finds that plaintiff's claim against the City accrued on June 3, 2002, and therefore, her Complaint filed on February 22, 2004, was within the two-year statute of limitations.

Defendant alternatively argues to dismiss paragraphs 35(d), (e), and (f) of the Second Claim for Relief. Paragraph 35(d) provides that the City violated Mr. Hammick's

constitutional rights "in having a policy and/or custom and practice of investigating police officer involved homicides [sic] using procedures different from those of non-police officer involved homicides, such as allowing officers to discuss their statements of the facts with investigating detectives prior to giving their recorded statements . . . ." Paragraph 35(e) provides that the City violated Mr. Hammick's constitutional rights "in having a policy and/or custom and practice of allowing police officers to edit statements on the record where those statements were inconsistent with prior statements given by the police officers when off the record . . . ." Paragraph 35(f) provides that the City violated Mr. Hammick's constitutional rights "in having a policy and/or custom and practice of allowing attorneys for police officers the opportunity to ask questions of their own clients during the detectives' questioning of the police officers."  Compl. at 19.

Keeping with the Federal Rules of Civil Procedure, a claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996); Fed. R. Civ. P. 12(b)(6). All allegations of material fact in the complaint are to be taken as true, as well as all reasonable inferences to be drawn from them. *Cahill*, 80 F.3d at 337-38. The court finds the aforementioned paragraphs to be material to plaintiff's Second Claim for Relief, and the court is unconvinced that plaintiff can prove no set of facts in support of this claim.

**CONCLUSION**

5 – ORDER

Defendant's Motion to Dismiss (Doc. #32) and alternative motion to dismiss paragraphs 35(d), (e), and (f) are DENIED.

IT IS SO ORDERED.

DATED this __29___ day of July, 2005.

                                      ___/s/Ancer L.Haggerty_____
                                                    Ancer L. Haggerty
                                             United States District Judge